UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD HIBBERT,

    Plaintiff,

v.                                                CASE NO: 8:11-cv-1747-T-26EAJ

KATHY REDMAN, District Director,
U.S.C.I.S., *et al.*,

    Defendants.
_____/

**O R D E R**

Before the Court is Defendants' Motion to Dismiss (Dkt. 6) and Plaintiff's Memorandum in Opposition. (Dkt. 7) After careful consideration of the argument of counsel, the applicable law, and the allegations of the complaint, the Court concludes that the motion should be granted and the case should be dismissed.

**ALLEGATIONS**

According to Plaintiff's complaint, he is a Jamaican citizen who entered this country through the Canadian border at Niagara Falls as a visitor on February 15, 1997, with temporary status for a period not to exceed six months. On January 31, 1998, he married a United States citizen, Tracy Hibbert, and they had three children in this country, all United States citizens. They live in St. Petersburg, Florida. Mrs. Hibbert's petition filed in June 2008 on behalf of her husband was approved on January 6, 2009. On June 4,

2010, Plaintiff applied to adjust his status to become a lawful permanent resident based on the family petition.

In November 2010, the couple attended the interview for the adjustment of status. On February 4, 2011, the application for adjustment of status was denied on the basis that the Adjudications Officer of the United States Citizenship and Immigration Services (the USCIS) had "reason to believe" that Plaintiff was a "drug trafficker." Trafficking drugs renders an individual inadmissible. 8 U.S.C. § 1182(a)(2)(C); Immigration and Nationality Act (INA) § 212(a)(2)(C).[1] The Adjudications Officer's belief was based on a 2004 affidavit by Detective Mailhoit, of St. Petersburg police department, who allegedly heard Plaintiff sell 41 grams of cocaine to a police informant. The charge was nolle prossed on February 1, 2007.

Plaintiff's motion for reconsideration of the denial of adjustment was denied on July 11, 2011. In his motion for reconsideration, Plaintiff argued that the "reason to believe" determination could not be made because an adjustment of status is not considered "admission" within the INA. Plaintiff believes that the same Adjudications Officer who made the initial decision to deny his application also denied the motion to

---

[1] "Any alien who the consular officer or the Attorney General knows or has reason to believe— (I) is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so[.]" 8 U.S.C. § 1182(a)(2)(C).

reconsider. Plaintiff filed this action seeking declaratory relief on August 5, 2011. Seven days later on August 12, 2011, a notice to appear issued, which was filed with the Executive Office for Immigration Review on September 7, 2011. Plaintiff was then placed in removal proceedings as an alien who had been admitted but had overstayed his authorized period of admission, which is removable under 8 U.S.C. § 1227, INA § 237(a)(1)(B). The master hearing is scheduled for January 31, 2012.

## JURISDICTION

Plaintiff asserts jurisdiction based on the Administrative Procedures Act, 5 U.S.C. § 701 *et seq* (the APA). Defendants seek dismissal of this action based on this Court's lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, Defendants argue that although there is no formal appeal of the denial of an adjustment application, Plaintiff may renew his application in the removal proceedings and has therefore not exhausted his administrative remedies. Without final agency action as required by the APA, this Court lacks subject matter jurisdiction.

No appeal lies for the denial of an application for adjustment of status. 8 C.F.R. § 1245.2(a)(5)(ii); Aguilera v. District Director, USCIS, Miami, Fla., 423 Fed. Appx. 916, *2 (11th Cir. 2011) (unpublished opinion). An alien may, however, request to renew his or her application for adjustment if the alien is placed in removal proceedings. 8 C.F.R. § 1245.2(a)(5)(ii); Ibarra v. Swacina, 628 F.3d 1269, 1269-70 (11th Cir. 2011); Aguilera, 423 Fed. Appx. at *2. "Once an alien is placed in removal proceedings, the immigration

judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file." Ibarra, 628 F.3d at 1270 (quoting 8 C.F.R. § 1245.2(a)(1); Aguilera, 423 Fed.Appx. at *2 (quoting same).[2]

In this case, removal proceedings are now pending for Plaintiff. The statutory and regulatory framework provide Plaintiff an avenue to again seek an adjustment status through filing an application in the removal proceedings. While there is nothing in the record before this Court indicating that Plaintiff has sought such a renewal of his adjustment status, it is clear that the immigration judge has exclusive jurisdiction over any application for adjustment of status that he may file.[3] The fact that removal proceedings were not pending at the time Plaintiff filed this action does not change this fact. See Somboonmee v. Holder, 2011 WL 3625674, *4 (N.D. Fla. Jul. 18, 2011)[4] (relying on similar facts in Ibarra and commenting that allowing an alien to proceed in district court, even though removal proceedings began after filing suit, would negate regulatory provision vesting exclusive jurisdiction in immigration judge). Accordingly, this Court lacks subject matter jurisdiction under the APA to review the actions of the USCIS in the

---

[2] See also Gupta v. U.S. Atty. Gen., 2011 WL 2844701, *1 (11th Cir. 2011) (unpublished opinion).

[3] To the extent Plaintiff requests that this Court accept jurisdiction to review the constitutionality of the USCIS's administrative procedures and policies, this Court declines inasmuch as Plaintiff is free to renew his application for adjustment of status at this time in his removal proceedings.

[4] This report and recommendation was adopted by the district court judge on August 17, 2011, at docket 27 in Case No. 3:10-cv-167-MCR-EMT.

denial of Plaintiff's application for adjustment of status so that this case must be dismissed.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)  Defendants' Motion to Dismiss (Dkt. 6) is **GRANTED.**

(2)  This case is hereby dismissed.

(3)  The Clerk is directed to close the file.

**DONE AND ORDERED** at Tampa, Florida, on November 8, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record